IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILDFIRE GROUP, LLC, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-847-MEF |
| ) | |
| PRIME INSURANCE COMPANY, ) | (WO – Do Not Publish) |
| ) | |
| DEFENDANT. ) | |

**ORDER**

On October 2, 2012, Plaintiff Wildfire Group, LLC ("Wildfire" or "Plaintiff") filed an Application for Injunctive Relief and Complaint for Declaratory Judgment, Equitable and Monetary Relief (Doc. #1) in the United States District Court for the Middle District of Alabama, Northern Division, alleging diversity as the basis for federal jurisdiction.

Because federal courts have only limited jurisdiction, the Court must determine whether a proper jurisdictional basis exists in each case. *See Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (stating that federal courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."). Thus, when a plaintiff brings a claim in federal court, it is the plaintiff's burden to allege the specific facts necessary to establish jurisdiction and, if that jurisdiction is challenged, to support those allegations with adequate proof. *See Morrison v. Allstate Indem., Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction and if jurisdiction is properly challenged, that party also bears the burden of proof."). As such, Wildfire, as the party invoking diversity jurisdiction, must properly plead and, if challenged, prove the citizenship of the parties.

Diversity jurisdiction under § 1332 requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and to be between citizens of different states. 28 U.S.C. § 1332(a)(1). In the Complaint, Wildfire alleges that it is "a corporation organized and existing under Alabama law with its principal place of business in Barbour County, Alabama."[2] (Compl. ¶ 2.) No party has specifically contested the subject matter jurisdiction of this Court, but Defendant Prime Insurance Company ("Prime Insurance" or "Defendant") has moved to dismiss Wildfire's Complaint on the basis of improper venue or, alternatively, under the doctrine of forum *non conveniens*. (Doc. #6.)

However, while the parties may not specifically contest jurisdiction, that does not absolve the Court of further inquiry. Wildfire has alleged that it is a "limited liability company" that is "organized and existing under Alabama law with its principal place of

---

[2] In the Complaint, Wildfire alleges that it is seeking damages in an amount that "exceeds this Court's minimum jurisdictional limits of $57,000, exclusive of interest and costs." (Compl. ¶ 6.) However, in the remainder of the Complaint, Wildfire seeks damages of at least $278,000, the amount of excess reserve funds deposited into the Trust Account at issue in this litigation. (Compl. ¶ 37a.) Based on the foregoing, the Court is of the opinion that the amount in controversy alleged in Paragraph 6 of Wildfire's Complaint ($57,0000) was simply a typographical error (transposing $75,000 as $57,000, to be more specific), and that the requisite amount in controversy ($75,000, exclusive of interest and costs, *see* 28 U.S.C. § 1332 (a)) has been adequately pled.

business in Barbour County, Alabama." (Compl. ¶¶ 2, 7.) Because Wildfire is a limited liability company, for purposes of diversity of citizenship, Wildfire would be a citizen of each state in which any of its members are citizens. *See Rolling Green MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (holding that the citizenship of a limited liability company is determined by the citizenship of its members, citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). The Complaint contains no allegations establishing the citizenship of Wildfire's members.

As a result of this deficiency, the Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Wildfire should be permitted to amend its Complaint to specifically establish the citizenship of its members before the Court takes any further action in this matter.

For these reasons, it is hereby ORDERED that on or before **December 18, 2012**, Plaintiff shall file an Amended Complaint that conforms to the findings of this Order. For any unincorporated Defendant, Plaintiff is to identify each member or partner and provide his, her, or its place of citizenship. **Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of this case for lack of jurisdiction.**

DONE this the 4th day of December, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE